## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

RONNIE MALLETT,      )
                      )
       Plaintiff,     )
                      )
                      )    CIVIL ACTION NO.
v.                  )    6:18-cv-01604-JEO
                      )
NANCY A. BERRYHILL,  )
Acting Commissioner of   )
Social Security,       )
                      )
       Defendant,   )

## MEMORANDUM OPINION

Plaintiff Ronnie Mallett appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act.  (Doc. 1).[1]  Mallett timely pursued and exhausted his administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C. § 405(g).  For the reasons discussed below, the court finds that the Commissioner's decision is due to be affirmed.[2]

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

[2] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).  (Doc. 11).

# I.     Procedural History

At the time of the hearing Mallett was 53 years old.  (R. 41).  He completed the ninth grade and has past relevant work as a truck driver.  (R. 30, 41).  Mallett alleges he became disabled on October 24, 2014. (R. 22).[3]  Mallett claims he could no longer work due to a lower back injury, problems with his neck, diabetes, and high blood pressure.  (R. 198).  After his claims were denied initially, he requested a hearing before an ALJ.  (R. 22).  Following the hearing, the ALJ denied his claim.  (R. 22-31).

Mallett appealed the decision to the Appeals Council ("AC").  After reviewing the record, the AC declined to further review the ALJ's decision. (R. 7-9).  That decision became the final decision of the Commissioner and is now ripe for review.  *See Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).

# II.    Statutory and Regulatory Framework

To establish his eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

---

[3] References herein to "R. __" are to the administrative record found at Docs. 9-1 through 9-19 in the court's record.

less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). The Social Security Administration employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. § 404.1520(a) & 416.920(b).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id* "Under the first step, the claimant has the burden to show that []he is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012).[4] If the claimant is engaged in substantial gainful activity, the Commissioner will determine the claimant is not disabled. At the first step, the ALJ determined Mallett had not engaged in substantial gainful activity since October 24, 2014. (R. 25).

If a claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. § 404.1520(c) & 416.920(c). An impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." *See id.* at § 404.1502. Furthermore, it

---

[4] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

"must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." *Id.*; *see also* 42 U.S.C. § 423(d)(3). An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c).[5] "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a). A claimant may be found disabled based on a combination of impairments, even though none of her individual impairments alone is disabling. 20 C.F.R. § 404.1523. The claimant bears the burden of providing medical evidence demonstrating an impairment and its severity. *Id.* at § 404.1512(a) and (c). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will determine the claimant is not disabled. *Id.* at § & 404.920(c) & 404.1520(a)(4)(ii) and (c). At

---

[5] Basic work activities include:

> (1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeking, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b).

the second step, the ALJ determined Mallett has the following severe impairments: diabetes mellitus type II, hypertension, and a prior history of stroke. (R. 25).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.920(a)(4)(iii) & (d) and § 416.920(d). The claimant bears the burden of proving his impairment meets or equals one of the Listings. *Reynolds-Buckley*, 457 F. App'x at 863. If the claimant's impairment meets or equals one of the Listings, the Commissioner will determine the claimant is disabled. 20 C.F.R § 404.1520(a)(4)(iii) and (d). At the third step, the ALJ determined Mallett did not have an impairment or combination of impairments that meet or medically equal the severity of one of the Listings. (R. 25).

If the claimant's impairment does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. 20 C.F.R. § 404.1520(e) & 416.920(e). A claimant's RFC is the most he or she can do despite his impairment. *See id.* at § 404.1545(a)(1) & 416.945(a). At the fourth step, the Commissioner will compare the assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at §§ 404.1520(a)(4)(iv) and 416.945(a)(4)(iv). "Past relevant work is work that [the claimant] [has] done within the past 15 years,

that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 404.1560(b)(1) and 416.960(b)(1). The claimant bears the burden of proving that her impairment prevents him from performing her past relevant work. *Reynolds-Buckley*, 457 F. App'x at 863. If the claimant is capable of performing his past relevant work, the Commissioner will determine the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b), 416.945(a)(4(iv).

Before proceeding to the fourth step, the ALJ determined Mallett has the RFC to perform a limited range of light work. (R. at 26-30). More specifically, the ALJ found Mallett had the following limitations with regard to light work, as defined in 20 C.F.R. §§ 404.1567(b) & 416.967(b):

> [the claimant can] lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours in an 8-hour workday and stand/walk for 6 hours in an 8-hour workday. The claimant can push/pull as much as he can lift/carry; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; and never work at unprotected heights.

(R. at 26). At the fourth step, the ALJ determined Mallett would not be able to perform his past relevant work as a sander, truck driver, or trash collector. (R. at 30).

If the claimant is unable to perform his past relevant work, the Commissioner must finally determine whether the claimant is capable of

performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) & (g)(1), 404.1560(c)(1), 404.920(a)(4)(v) & (g)(1). If the claimant is capable of performing other work, the Commissioner will determine the claimant is not disabled. *Id.*at § 404.1520(a)(4)(v) and (g)(1). If the claimant is not capable of performing other work, the Commissioner will determine the claimant is disabled. *Id.*

At the fifth step, considering Mallett's age, education, work experience, and RFC, the ALJ determined he can perform jobs that exist in significant numbers in the national economy, such as those of small parts assembler, inspector/hand packer, or cleaner. (R. 31). Therefore, the ALJ concluded Mallett has not been under a disability as defined by the Act from October 24, 2014, through the date of the decision. (R. 31).

## III.    Standard of Review

Review of the Commissioner's decision is limited to a determination whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner.

*Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine whether the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. Discussion

While not specifically delineated by Mallet's brief, the court discerns three issues: (1) whether the ALJ properly evaluated Mallett's complaints of pain; (2)

whether the ALJ erred in not including Plaintiff's back impairment as a severe impairment when calculating his RFC; and (3) whether the ALJ erred in not considering his back pain in combination with his other severe impairments of diabetes and hypertension. (Doc. 14 at 10-14). The court considers the first issue separately and combines its discussion of the second and third issues.

### A. Mallett's Subjective Complaints of Pain

Mallet first argues that the ALJ did not properly evaluate his subjective complaints of pain. (Doc. 14 at 12-13). Specifically, he contends that his testimony regarding pain is supported by the medical evidence. (*Id*.). The Commissioner responds that substantial evidence supports the ALJ's finding that Plaintiff's allegations were not entirely consistent with the evidence as a whole. (Doc. 16 at 6-9). The court agrees with the Commissioner.

A claimant bears the burden of proving that he or she is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 419.912(a) & (c); *Moore v. Barnhart*, 405 F.3d 1203, 1211 (11th Cir. 2005); *Doughty*, 245 F.3d at 1278. Specifically, a claimant must provide evidence of an underlying medical condition and either objective medical evidence confirming the severity of the alleged symptoms or that the medical condition could be reasonably expected to give rise to the alleged symptoms. *See* 20 C.F.R. § 419.929; *Dyer v. Barnhart*, 359 F.3d 1206, 1210 (11th Cir. 2005); *Wilson*, 284 F.3d at 1225-26; *Edwards v. Sullivan*,

937 F.2d 580, 584 (11th Cir. 1991). In analyzing the evidence, the focus is on how an impairment affects a claimant's ability to work, and not on the impairment itself. *See* 20 C.F.R. § 416.929(c)(1); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (severity of impairments must be measured in terms of their effect on the ability to work, not from purely medical standards of bodily perfection or normality).

In addressing a claimant's subjective description of pain and symptoms, the law is clear:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529. In determining whether substantial evidence supports an ALJ's credibility determination, "[t]he question is not . . . whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

When evaluating a claimant's statements regarding the intensity, persistence, or limiting effects of her symptoms, the ALJ considers all the evidence – objective and subjective. *See* 20 C.F.R. § 416.929(c)(2). A plaintiff cannot simply allege disabling symptoms. *See* 20 C.F.R. § 416.929(a) ("statements about your pain and other symptoms will not alone establish that you are disabled"). The ALJ may consider the nature of a claimant's symptoms, the effectiveness of medication, a claimant's method of treatment, a claimant's daily activities, measures a claimant takes to relieve symptoms, and any conflicts between a claimant's statements and the rest of the evidence. *See* 20 C.F.R. § 416.929(c)(3) & (4). The ALJ is not required explicitly to conduct a symptom analysis, but the reasons for his or her findings must be clear enough that they are obvious to a reviewing court. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.* (citation omitted).

Here, the ALJ found that Mallett's medically determinable impairments could be reasonably be expected to produce the symptoms Mallett alleged, but his statements regarding the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the record evidence and medical evidence. (R. 27). For the reasons discussed in detail below, the court finds that the ALJ's determination is supported by substantial evidence.

Mallett alleges that he is unable to work due to complications from diabetes, hypertension, and a past stroke.  (R. 27, 45-46).  He also alleges dizziness when he gets hot.  (R.27, 44).  Additionally, he complains of back, knee, and chest pain for which he is medicated, but testified that the medication does not help relieve the pain.  (*Id*.)  He contends that the ALJ failed to properly credit this testimony.

With regard to Mallett's hypertension and diabetes, the ALJ recognized that although Mallett had been diagnosed with both conditions, the record shows evidence of non-compliance with the prescribed medicines.  (R. 27, 278, 289).  Although Mallett told his doctor he was unable to afford the medications to remedy his high blood pressure, the ALJ noted that Mallett tested positive for alcohol and marijuana and smokes cigarettes on a daily basis, thus indicating Mallett had some amount of money that he could have used to pay for his medications.  (R. 28, 278, 280, 292, 300, 302, 314, 338, 346, 349, 350, 357, 360, 366, 367, 374, 376, 384, 387, 413, 847, 849, 910).  And when Mallett actually took his medication, his blood pressure was easily under control.  (R. 28, 286, 292).  Additionally, despite Mallett's knowledge of his diabetes and proper diet needed to control his condition, Mallett continued to drink approximately eight regular sodas per day.  (R. 28, 910).  Based on his failure to comply with the prescribed diet and medications, substantial evidence supports the decision of the ALJ to discount

Mallett's claims of disabling limitations from his admittedly uncontrolled diabetes and hypertension. *See* 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v).

The record also shows that Mallett's activities of daily living support the ALJ's determination. The ALJ specifically considered Plaintiff's stated daily activities and noted inconsistencies with his allegations of disabling pain. *See Conner v. Astrue* 415 F. App'x 929, 995 (11th Cir. 2011)*; Macia v Bowen* 829 F.2d 1009, 1012 (11th Cir. 1987). Mallett testified that he can make his own meals, go grocery shopping, do laundry, and independently bathe himself. (R. 28, 47, 49). His statements on his function report, however, contradict this last assertion, in that Mallet stated that he sometimes needed help dressing and could not bend over to wash his feet due to his back pain. (R. 28, 231, 232). As noted by the ALJ, however, Mallett never reported any of these limitations to a doctor. (R. 28).

Additionally, the ALJ highlighted several portions of Mallett's hearing testimony that contradicted other statements made by him in the record. For instance, the ALJ observed Plaintiff alleged problems following instructions, but he worked in the past as a truck driver, as well as in other jobs, and alleged he stopped working due to physical reasons - not due to the inability to do the work mentally. (R. 28, 198, 212, 221). Similarly, the ALJ noted that Plaintiff also alleged he did not get along with authority, but nothing in the record supports this

contention. (R. 28, 236). The ALJ observed that Plaintiff also alleged he did not handle stress or change well, but, again, the ALJ found that the record did not support disabling limitations from depression or anxiety, nor did Plaintiff allege these mental impairments in his application. (R. 28, 198, 212). *See* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (noting that in evaluating a claimant's subjective statements, an ALJ may consider any conflicts between the claimant's statements and the rest of the evidence).

In summary, the court finds that the relevant objective evidence is inconsistent with Mallett's assertion of disabling pain. The ALJ correctly considered "the consistency of [Mallett's] statements" with the remainder of the evidence, s*ee* SSR 16-3p, 2017 WL 5180304, at *8, and her determinations are supported by substantial evidence.

### B.     Severe Impairments & Impairments in Combination

Mallett next contends that "the ALJ's finding that [his] back condition is non-severe is plainly and palpably wrong" and that the ALJ failed to consider his back impairments in combination with his other severe impairments. (Doc. 14 at 12-13). Plaintiff points to his use of a cane for ambulation, as well as medical examinations that "reveal[] decreased range of motion in the lumbar spine with tenderness, pain, spasm, and a positive straight leg raise." (*Id*. at 11). These claims are without merit for the following reasons.

Plaintiff's first contention is not supported by the case law. "The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902 (11th Cir. 2011). Here, the ALJ found that Plaintiff suffered from the severe impairments of hypertension and diabetes mellitus in step two of the process to determine Plaintiff's RFC and then proceeded to the remaining considerations. (R. 25-30). That is all that is required. *See Tuggerson – Brown v Comm'r of Soc. Sec.,* 572 F. App'x 949, 951-52 (11th Cir. 2014).

Additionally, and contrary to Plaintiff's assertions, the ALJ specifically noted his use of a cane and discussed his need for it during his hearing. The ALJ noted Plaintiff's use of a cane and the fact that it is not prescribed. (R. 25). She also noted Plaintiff's hearing testimony that he uses the cane for balance due to alleged dizziness. (*Id.*; R. 54). Physical examinations relating to his back, however, have been largely unremarkable and there is no diagnosis in the record regarding his complaints of back pain, and no objective medical evidence since the time of his motor vehicle accident in 2015.

Further, the ALJ noted the use of a cane when discussing Plaintiff's August 27, 2015 consultative examination with Kristina Behringer, M.D. (R. 28, 271-72). At the appointment, Plaintiff was able to get on and off the exam table without difficulty, despite being slow and cautious. (R. 28, 272). He got up from a chair with minimal difficulty and tandem walked without significant abnormality. (*Id*.). Plaintiff had a full range of motion throughout the exam, with the exception of his back and hips with flexion, as well as normal strength in his upper and lower extremities, and there was no evidence of wasting. (R. 28-29, 273). Although Plaintiff's Romberg test showed forward/backward swaying, it was likely due to poorly managed diabetes and hypertension. (R. 29, 273). All other findings were normal and did not evidence any severe impairment. (*Id*.). The ALJ finally noted that Dr. Behringer did not make any diagnosis and did not give an opinion, but noted that her findings on examination were certainly not indicative of someone with disabling impairments. (*Id*.).

Finally, to the extent Plaintiff argues that the ALJ did not assess the combined effect of his impairments, the record indicates otherwise. At step three, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity" of a listed impairment. (R. 25). The ALJ also stated in assessing Plaintiff's subjective allegations in light of the regulatory factors, as well as the medical evidence, that Plaintiff's

impairments, "including his allegations of back pain," would reasonably limit him to light work. (R. 29-30). Additionally, in discussing the listings, the ALJ stated, "The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. " (R. 25). These statements are sufficient to show that the ALJ properly considered all of Plaintiff's impairments during the evaluation process. *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902-03 (11th Cir. 2011); *Wilson*, 284 F.3d at 1224.

## V.    Conclusion

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned find the Commissioner's decision is supported by substantial evidence and in accordance with applicable law. Therefore, the court finds that the ALJ's decision is due to be **AFFIRMED**. A separate order will be entered.

**DATED** this 26th day of July, 2019.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge